UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIVERSIFIED MAINTENANCE SYSTEMS, INC. | * | CIVIL ACTION |
| | * | NO. 22-959 |
| VERSUS | * | SECTION "G" (2) |
| J. STAR ENTERPRISES | * | |

**ORDER AND REASONS**

Pending before me are two motions to compel discovery responses, one filed by Defendant

J. Star Enterprises, Inc. ("J. Star") (ECF No. 41) and the other by Plaintiff Diversified Maintenance

Systems, Inc. ("DMS") (ECF No. 45).  Both parties timely filed Opposition Memoranda.  ECF

Nos. 43, 50.  No party requested oral argument in accordance with Local Rule 78.1, and the Court

agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the

applicable law, the motions to compel (ECF Nos. 41, 45) are GRANTED for the reasons stated

herein.

## I.     BACKGROUND

This case involves a contract dispute arising out of a Teaming Agreement between DMS

and J. Star to respond to the U.S. Department of Army's Request for Solicitation regarding various

construction services and projects at the U.S. Army Yuma Proving Ground, Arizona.[1]  Under the

Teaming Agreement, DMS was obligated to prepare and submit a timely and responsive proposal

and J. Star would control and bear ultimate responsibility for the proposal content, including price

and technical sections.[2]  After J. Star was awarded the contract, the parties entered into a Team

---

[1] ECF No. 23 ¶¶ 9-10.
[2] *Id*. ¶ 11.

Subcontract Agreement setting forth the relevant scope of work and payment timeline.[3]   The parties later entered into another subcontract to replace sand filters at a pool under another contract ("2019 Pool Subcontract").[4]   On May 29, 2019, DMS submitted an invoice for $125,000.00 for the work it performed under the 2019 Pool Subcontract ("Pool Invoice"),[5] which DMS contends it performed but has not been paid the $125,000 owed nor has J. Star paid its agreed share of curative work costs ($8,426.25) as well as other outstanding invoices totaling $94,014.72.[6]   DMS sued J. Star for breach of contract, outstanding invoices for six task orders, and unpaid work on the Yuma project.

### A.   J. Star's Motion to Compel

On March 9, 2023, J. Star served DMS with Interrogatories and Requests for Production of Documents.  ECF No. 41-2.  Although J. Star granted a 10-day extension, DMS failed to respond within that time, after which, on May 9, 2023, J. Star filed this motion to compel seeking full and complete responses to its discovery requests.  ECF No. 41-1 at 1, 2.

DMS opposes the motion and argues that the motion is moot because it provided responses on May 12, 2023.  ECF No. 43 at 1.  DMS further asserts that, while J. Star initially granted a 10-day extension, it later granted an unlimited extension of time.  *Id*. at 2.  The cited exhibit, however, does not support that assertion.  Rather, it reflects that the parties agreed to extend the discovery deadlines to complete depositions and discovery, but that J. Star agreed to a 10-day extension for responding to written discovery.  ECF No. 43-2, April 4, 2023 email, bullet points 4 & 5.

---

[3] *Id*.  ¶¶ 12, 15, 16; *see also* ECF No. 23-4.
[4] *Id*.  ¶ 18.
[5] *Id*.  ¶ 20.
[6] *Id*. ¶¶ 18-23, 28-29.

### B. **DMS's Motion to Compel**

DMS filed its own Motion to Compel seeking full and complete discovery responses and attorneys' fees. ECF No. 45. DMS argues that J. Star's discovery responses are woefully deficient and completely unresponsive. ECF No. 45-1 at 1. It contends that, after identifying deficiencies, J. Star agreed to supplement but then failed to provide supplemental response and produced only a fraction of its responsive documents, even after being ordered to produce full and complete responses. *Id.* at 2. DMS seeks full and complete responses and production for Request for Production Nos. 2, 3, 4, 5, 6 and 7. *Id*. at 3.

J. Star opposes the motion, arguing that the requests are not limited to work performed by DMS at the Yuma site and therefore stands by its objections of overbreadth and proportionality. ECF No. 50 at 1 (citing ECF No. 45-3). In addition, J. Star argues that it provided additional documentation, including correspondence establishing proof of payment on Yuma jobs after receipt of payment from the Government. *Id*. at 1-2. Finally, J. Star argues that DMS only raised issues with its responses to Request Nos. 4 and 7, so its motion should be denied as to Request Nos. 2, 3, and 5. *Id*. at 2.

## II. **APPLICABLE LAW**

### A. **The Scope of Discovery**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The relevancy evaluation necessarily begins with an examination of the claims and defenses.[7] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage. [8] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." [9] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding. [10] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[11] If relevance is in doubt, the court should be permissive in allowing discovery.[12]

B. **Duties in Responding to Discovery**

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or

---

[7] *Volvo Trucks N. Am., Inc. v. Crescent City Ford Truck Sales, Inc.,* No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J).
[8] *Rangel v. Gonzales Mascorro,* 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[9] *Id.* (citations and quotation omitted).
[10] *Id.* n.5 (citation and quotation omitted).
[11] *Dotson v. Edmonson,* No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merill v. Waffle House, Inc.,* 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[12] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.,* 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Trustwal Sys. Corp. v. Hydro-Air Eng'g, Inc.,* 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).

document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[13]

### C. **Objections**

The Federal Rules of Civil Procedure take a "demanding attitude toward objections," and courts have long interpreted the rules to prohibit general, boilerplate objections.[14]  General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests untethered to any specific request. Thus, the party objecting must state how the information sought is not relevant to any claim or defense, or how the request is overbroad or unduly burdensome.[15]

The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. Thus, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

---

[13] *Lopez v. Don Herring Ltd.,* 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[14] *See, e.g., Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal objecting party would not be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485-86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant", without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[15] *Chevron,* 2015 WL 26901, at *3 (noting objections are boilerplate and insufficient if they merely state "the legal grounds for objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.) (citation omitted).

proposed discovery outweighs its likely benefit. [16] "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[17] In addressing a motion to compel, the moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant, why discovery should not be permitted.[18]

## III.   ANALYSIS

### A.  J. Star's Motion to Compel

Although J. Star has not filed a Reply to identify any remaining deficiencies in DMS's responses, a simple review reflects that DMS's responses include general objections that are inadequate and hereby overruled.  The boilerplate objections preceding its responses to the specific requests (*e.g.,* that the requests are overly broad, unduly burdensome, and seek information "neither relevant nor reasonably calculated to lead to the discovery of admissible information")

---

[16] *Mir v. L-3 Commc 'ns Integrated Sys. L.P.,* 319 F.R.D. 220, 226 (N.D. Tex. 2016).

[17] *Heller v. City of Dallas,* 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering them 'subject to' and/or 'without waiving' the objections-like the practice of including a stand-alone list of general or blanket objections that precede any responses to a specific discovery requests-may have developed as a reflexive habit . . . [but the practice] manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'"").

[18] *Wymore v. Nail,* No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.") (citation omitted); *Tingle v. Hebert,* No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) ("'[T]he moving party bears the burden of showing that the materials and information sought are relevant to the action . . . .'") (citation omitted); *Davis v. Young,* No. 11-2309, 2012 WL 530917, at *3 (E.D. La. Feb. 16, 2012) (same) (citing *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D. Tex. 2006)); *see also McLeod,* 894 F.2d at 1485.

are insufficient in light of DMS's failure to tether the objections to specific requests and explain why each request is overly broad, unduly burdensome, irrelevant, or disproportionate.

Likewise, DMS's effort to invoke proportionality via a preliminary General Objection fails. DMS does not address how the specific discovery request fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  If any response is incomplete in reliance on these "general objections," DMS must supplement its responses within 21 days to fully respond to that request.

Further, to sustain an objection based on attorney-client privilege, Rule 34 requires the objecting party to provide a privilege log that includes the detail specified by Rule 26(b)(5)(A)(i) and (ii) such that the privilege log provides "sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[19]  Specifically, the privilege log "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[20]  Within 21 days, DMS must provide J. Star with a privilege log identifying any document withheld on the basis of attorney-client privilege.

---

[19] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co*., 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp*., 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).
[20] *Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't.*, No. 02-0808, 2003 WL 21383332, at *4 (S.D. Ind. 2003)).

**B.  DMS's Motion to Compel**

Although DMS attaches its discovery requests and J. Star's answers to motion, DMS's Memorandum addresses only alleged deficiencies in J. Star's responses to Request for Production Nos. 2, 3, 4, 5, 6, and 7.  Accordingly, the Court will not address responses to any interrogatories, requests for admission or other production requests.

The specific Requests and Responses are set forth below, followed by the Court's ruling:

**REQUEST FOR PRODUCTION NO. 2:**

Produce documents and correspondence relating to the negotiation, formation, and/or modification of the contracts between you and any subcontractor, including, but not limited to work performed at, or related to, Yuma Proving Ground for projects under the Solicitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to Request for Production No. 2 on the basis that it is overly broad and unduly burdensome, and that the information sought is not relevant to any work performed by Plaintiff, and/or the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Defendant states that documents responsive to this request for work performed by DMS are being provided with these responses.

Initially, J. Star invokes an outdated discovery standard.[21]  The current parameters for permissible discovery, as established by Rule 26(b)(1), extend to that which is non-privileged, relevant to claims and defenses in the case and within Rule 26's proportionality limits.  To the extent J. Star attempted to invoke the proportionality standard, it does not address how the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in

---

[21] Eight years ago, Congress jettisoned such language:  "The 2015 amendments to Rule 26 deleted from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'"  FED. R. CIV. P. 26, advisory committee's note to 2015 amendment.

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Under these parameters, J. Star's overbreadth objection is sustained in part and modified to require production of documents and correspondence relating to the negotiation, formation, and/or modification of the contracts between it and any subcontractor for work performed at or related to the Yuma Proving Ground for projects under the Solicitation only, not other projects unrelated to Yuma.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents and correspondence reflecting or evidencing work done by J. Star and its subcontractors relating to work performed at the Yuma Proving Ground for projects under the Solicitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to Request for Production No. 3 on the basis that it is overly broad and unduly burdensome, and that the information sought is not relevant to any work performed by Plaintiff, and/or the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Defendant states that documents responsive to this request for work performed by DMS are being provided with these responses.

J. Star's objections are overruled.  J. Star is ordered to produce all responsive information within 21 days.

**REQUESTS FOR PRODUCTION NO. 4:**

Produce documents and correspondence regarding payments made by the U.S. Army or any other entity to J. Star for work performed at the Yuma Proving Ground for projects under the Solicitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to Request for Production No. 4 on the basis that it is overly broad and unduly burdensome, and that the information sought is not relevant to any work performed by Plaintiff, and/or the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Defendant

states that documents responsive to this request for work performed by DMS are being provided with these responses.

J. Star's objections are overruled.  To the extent that J. Star has failed to produce any responsive document, it is ordered to produce all responsive information within 21 days.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and correspondence related to payments made by J. Star or nonpayment of the 2019 Pool Subcontract invoice and the June 25, 2019 Invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Documents responsive to this request are being provided with these responses.

To the extent J. Star has failed to produce any documents or correspondence relating to payments made by J. Star or nonpayment of the 2010 Pool Subcontract invoice and the June 25, 2019 invoices, it is hereby ordered to produce same within 21 days.

**REQUEST FOR PRODUCTION NO. 6**:

Produce all documents and correspondence related to any bonds J. Star obtained for work at the Yuma Proving Ground.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to Request for Production No. 6 on the basis that it is overly broad and unduly burdensome, and that the information sought is not relevant to any work performed by Plaintiff, and/or the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Defendant states that documents responsive to this request are being provided with these responses.

J. Star's objections are overruled.  To the extent that J. Star has failed to produce any responsive document, it is ordered to produce all responsive information within 21 days.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents and correspondence related to any payment by J. Star to any subcontractor for work performed at the Yuma Proving Ground.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to Request for Production No. 7 on the basis that it is overly broad and unduly burdensome, and that the information sought is not relevant to any work performed by Plaintiff, and/or the request is not reasonably calculated to lead to the discovery of admissible evidence.

J. Star's objections are overruled.  To the extent that J. Star has failed to produce any responsive document, it is ordered to produce all responsive information within 21 days.

## C.  CONCLUSION

For the foregoing reasons, both parties have failed to adequately respond to the other's requests and must supplement their responses as ordered herein.  Additionally, in light of the court's decision to grant both motions to compel, the undersigned declines to award either side attorneys' fees or costs in accordance with FED. R. CIV. P. 37 (a) (5) (iii).  Accordingly,

IT IS ORDERED that both Motions to Compel (ECF Nos. 41, 45) are GRANTED.  The parties must supplement their responses within twenty-one (21) days of this Order.

New Orleans, Louisiana, this _____31st_____ day of May, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE